

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARRIE K. CHITSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-74 |
| | § | |
| CLIENT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
RULE 12(b)(3) MOTION TO DISMISS**

The following are pending before the court:

1.  Defendant's Rule 12(b)(3) motion to dismiss (docket entry #3);

2.  Plaintiff's response to motion to dismiss (docket entry #8); and

3.  Defendant's reply to Plaintiff's response to Defendant's Rule 12(b)(3) motion to dismiss (docket entry #11).

Having considered the Defendant's motion to dismiss and the subsequent briefing thereto, the court is of the opinion that the Defendant's motion to dismiss should be granted.

**OBJECTIONS TO CARRIE CHITSEY'S AFFIDAVIT**

The Defendant filed objections to the affidavit of Carrie Chitsey which was offered by the Plaintiff in support of her response to the Defendant's motion to dismiss. Having considered the objections, the court notes that it will review the evidence provided in accordance with the appropriate standards.

**BACKGROUND**

The Plaintiff entered into a "Limited Liability Company Membership Interest Purchase

Agreement" ("purchase agreement") with Consumer Marketing Services, LLC and the Richard L. Rowe Revocable Living Trust. The Plaintiff is seeking damages for the alleged fraud and conversion stemming from this purchase agreement.

The purchase agreement contains the following provision:

12. MISCELLANEOUS

(b) This Agreement shall be governed by and construed in accordance with the laws of the State of Missouri. Jurisdiction and venue for any litigation arising out of this Agreement shall be maintained solely and exclusively in the Circuit Court of St. Charles County, Circuit Judge Division, and no claim or lawsuit shall be maintained in any other court or jurisdiction.

Rather than file her lawsuit in the Circuit Court of St. Charles County, Missouri as she so contracted, the Plaintiff filed her lawsuit in the 336th Judicial District Court of Grayson County, Texas. The Defendant subsequently removed the lawsuit to this court on February 29, 2008 based on diversity jurisdiction. The Defendant now moves to dismiss the Plaintiff's lawsuit pursuant to FED. R. CIV. P. 12(b)(3). The Defendant argues that the Plaintiff's lawsuit should be dismissed for improper venue because the Plaintiff ignored the purchase agreement's forum selection clause.

## **DISCUSSION AND ANALYSIS**

Rule 12(b)(3) of the Federal Rules of Civil Procedure is the proper method for seeking dismissal based on a forum selection clause. *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005). "[A] forum selection clause is prima facie valid and should be enforced unless the resisting party shows that enforcement would be unreasonable." *Seattle-First National Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990) (citation omitted). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in

court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citations omitted). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Id*. (citation omitted).

Here, the Plaintiff rests her argument solely on the first exception, to wit: that the forum selection clause contained in the purchase agreement is unenforceable because of fraud.[1] *See id*. "Fraud and overreaching must be specific to a forum selection clause in order to invalidate it." *Id*. "Thus, allegations of [fraud and overreaching] as to the contract as a whole – or portions of it other than the [forum selection/choice-of-law] clause – are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum selection/choice-of-law] clause in order to succeed." *Id*.

The Plaintiff argues that the forum selection clause was "part and parcel" of the Defendant's scheme to defraud the Plaintiff. The Plaintiff further argues that the forum selection clause was included in the purchase agreement because the Defendant knew that a dispute was imminent and the Defendant wanted to ensure that any litigation would occur in a specific venue. The Plaintiff's argument, however, suggests that the purchase agreement as a whole was the product of fraud. While the Plaintiff's arguments might be relevant to the merits of her underlying claims, they are not instructive with respect to the forum selection clause. The Plaintiff did not offer proof that the forum selection clause itself was the product of fraud. Accordingly, the Plaintiff has failed to bear her heavy

---

[1]In the Introduction to the Plaintiff's response to the Defendant's motion to dismiss, the Plaintiff further argues that (1) the Defendant is seeking the benefit of a contract to which it was not a party, and (2) the conduct about which the Plaintiff complains is "extra-contractual." The Plaintiff, however, presented no further discussion on these arguments. Accordingly, the court declines to address these additional issues.

burden of proof that enforcement of the forum selection clause would be unreasonable.

## **CONCLUSION**

Based on the foregoing, the court hereby **GRANTS** the Defendant's Rule 12(b)(3) motion to dismiss (docket entry #3).

IT IS SO ORDERED.

**SIGNED this the 6th day of February, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE